UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sharon Sussman, a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>Midland Credit Management, Inc.,<br><br>Defendant(s). | Civil Action No: 1:21-cv-12208<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sharon Sussman, a/k/a Sharon Ohayon (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of New Jersey, County of Camden.

8.  Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. in which the collection letter threatens litigation;

    d. yet the Defendant did not bring litigation subsequent to the stated deadline;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. § 1692e and § 1692f et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, Exhibit B and Exhibit C violate 15 U.S.C. § l692e and § l692f et seq.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent

       class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to November 25, 2020, an obligation was allegedly created to the original creditor, The Bank of Missouri Ollo Rewards (hereinafter "Bank of Missouri").

21. Upon information and belief, Bank of Missouri transferred the defaulted debt to Midland Credit Management, Inc for the purpose of debt collection.

22. The original subject obligation arose out of a personal credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Defendant purchased the subject debt for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation 1 – November 25, 2020 Collection Letter*

26. On or about November 25, 2020, the Defendant sent the Plaintiff a collection letter ("Letter 1") regarding the alleged debt. (See Letter 1 at Exhibit A.)

27. Towards the top of Letter 1, it states "Pre-Legal Notification" in large, bold orange letters.

28. Below the title "Current Status of Your Account", Letter 1 states: "We are proceeding with an evaluation of your account and are considering forwarding this account to

an attorney in your state for possible litigation. Contact us by 12/25/2020 to resolve this account."

29. Below the title "If You Do Not Contact Us", Letter 1 states: "Failure to make a payment or contact us will result in the continuation of the pre-legal review process. After the pre-legal review process, your account may be forwarded to an attorney."

30. Below the title "Some of Your Options", Letter 1 states: "Call us at (phone number) today to stop this process! Make a payment using the slip provided below or pay online at (website.)

31. Below the title "Let us Help You", Letter 1 states: If your account is forwarded to an attorney, this may result in a lawsuit against you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law. There still is an opportunity to set up a payment plan and avoid the hassle and inconvenience of the legal process…"

32. In large capitalized green print, Letter 1 states: "STOP THE PRE-LEGAL PROCESS."

33. Letter 1 warns to "Reply by 12/25/2020…"

34. However, in contrast to the threat posed, the Defendant did not file a law suit against the Plaintiff after the passing of the December 25, 2020 deadline.

*Violation 2 – December 31, 2020 Collection Letter*

35. On or about December 31, 2020, Defendant sent the Plaintiff a second collection letter ("Letter 2") regarding the subject debt. (See Letter 2 at Exhibit B.)

36. At the top of Letter 2, it states in large white bolded and capitalized letters surrounding by a red ribbon that runs the width of the page, "PRE-LEGAL NOTIFICATION."

37. Below the top ribbon is a secondary ribbon with the warning, "FINAL NOTICE" in red bolded and capitalized letters.

38. In the main body of the text, Letter 2 states: "After numerous attempts to contact you regarding this account, Midland Credit Management, Inc. will transition your account into the attorney review process after 1/30/2021."

39. Futher, Letter 2 states: "If your account is forwarded to an attorney, this may result in a lawsuit against you. If this process results in litigation, and a judgment is entered against you, the judgment will be enforceable according to state law."

40. To emphasize the finality of this notice, Letter 2 reiterates, "This is the final written communication you will receive prior to entering the legal review process. Your prompt attention is necessary to avoid the possibility of legal action."

41. However, in contrast to the threat posed in Letter 2, the Defendant did not file a law suit against the Plaintiff after the January 30, 2021 deadline passed.

Two Letters Considered Together

42. After including no less than twelve (12) warnings in Letter 1 and eight (8) warnings in Letter 2 by which Defendant threatened litigation against the Plaintiff, Defendant has failed to bring any such action against the Plaintiff, up until and including the time of the filing of this Complaint (as of June 3, 2021).

43. It is now clear that Defendant did not in fact intend to bring an imminent lawsuit against the Plaintiff as it is now over six (6) months after initially threatening suit.

44. Moreover, despite writing "FINAL NOTICE" in Letter 2 and threatening a final chance to avoid litigation, Defendant has failed to deliver on its threats.

45. Defendant clearly stated that if the Plaintiff did not respond by January 30, 2021, Defendant would "transition your account into the attorney review process".

46. The Plaintiff was injured in result of these numerous threats. Specifically, the Plaintiff incurred an informational injury as Defendant misrepresented its intention of bringing a lawsuit against the Plaintiff.

47. After receiving each letter, Plaintiff believed she was going to receive a lawsuit shortly thereafter.

48. The Plaintiff has lived in fear of a lawsuit occurring for months due to the threats in these letters.

49. Clearly, the Defendant's repetition of threats of litigation against the Plaintiff was only used in a deceptive and harassing fashion to inflict fear upon the Plaintiff that she would be sued imminently.

50. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
*et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. Defendant violated §1692e:

    a. As each of the two letters falsely represent that Defendant intends to bring a law suit against the Plaintiff, falsely representing the legal status of the debt in violation of §1692e(2); and

    b. As both collection letters (See Exhibits A and B) threaten litigation against the Plaintiff, when in fact it was not the intention of the Defendant to bring such legal action, in violation of §1692e(5); and

    c. By making false and misleading representations in violation of §1692e(10).

55. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
*et seq.*

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

58. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

59. Defendant violated §1692f:

    a. As the two letters falsely represent that Defendant intends to bring a law suit against the Plaintiff, the Defendant utilized an unfair and/or unconscionable means to collect or attempt to collect the subject debt in violation of §1692f.

60. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sharon Sussman, a/k/a Sharon Ohayon, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 7, 2021                                             Respectfully Submitted,

                                                        **STEIN SAKS, PLLC**

                                                        **/s/ Yaakov Saks**
Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500 ext. 122
Fax: 201-282-6501
ysaks@steinsakslegal.com
*Counsel for Plaintiff*